# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DANNIS C. WOODS,**
**D.O.C. # 270175,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　Case No. 4:25-cv-237-TKW-MAF

**CENTURION, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, submitted a civil rights complaint and a motion for temporary restraining order on May 8, 2025 by prison mailbox rule. ECF Nos. 1, 2. He did not pay the filing fee or file a motion for leave to proceed in forma pauperis (IFP). Even if he had filed an IFP motion, it would not be reviewed. That is because Plaintiff is known to this Court as a three-striker under the Prison Litigation Reform Act (PLRA). Additionally, Plaintiff affirmatively misrepresented his litigation history. Dismissal is warranted.

The PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the complaint, Plaintiff claims he has only had one case dismissed under that statute. ECF No. 1 at 8. As discussed below, this is a lie.

Plaintiff is a serial litigant who has filed more than seventy cases in federal court and qualifies as a three-striker. Judicial notice is taken of the following five cases dismissed as frivolous or malicious: (1) Woods v. UCI Ofc. J.U. Davie, 3:08-cv-238-VMC-JK (M.D. Fla. 2008) (dismissed for affirmatively misrepresenting litigation history); (2) Woods v. Clemons, 3:08-cv-240-HLA-JK (M.D. Fla. 2008) (same); (3) Woods v. F.S.P. Security Staffs, 3:08-cv-239-HES-TEM (M.D. Fla. 2008) (same); (4) Woods v. Hall, 5:09-cv-323-WTH-GRJ (M.D. Fla. 2009) (dismissed as frivolous); (5) Woods v. Hall, 09-14459-E (11th Cir. 2009) (appeal of 5:09-cv-323 dismissed as frivolous). All were filed when Plaintiff was a prisoner.[1] Plaintiff has also had multiple cases dismissed pursuant to § 1915(g), including one in this District a few months ago. E.g., Woods v. Montoya et al., 4:25-cv-1-AW-MAF (N.D. Fla. February 7, 2025); Woods v. Fla. Dept. of Corr. Women Doctors & Nurses, 3:17-cv-706-BJD-JBT (M.D. Fla. 2017).

Because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he is "under imminent

---

[1] Each case cited herein contains Plaintiff's name and DOC inmate number.

4:25-cv-237-TKW-MAF

danger of serious physical injury." 28 U.S.C. § 1915(g). In this case, Plaintiff seeks to sue Centurion Health and two prison medical workers for violating "all" of his constitutional rights. See ECF No. 1 at 1, 6. His statement of facts refers to an enclosed motion, presumably his motion for temporary restraining order, and claims it contains "proof/evidence" of an "organized hate crime." Id. at 5. The local rules require the complaint "set out specific claims and supporting facts" without "mak[ing] reference to a memorandum." N.D. Fla. Loc. R. 5.7(B). But so as not to delay the inevitable, the Court will rely on the facts in the motion, ECF No. 2, for the limited purpose of its imminent danger analysis.

    Plaintiff's claims in the motion are largely unintelligible. See ECF No. 2. It includes haphazard ramblings of phrases like "evil suspects," "guilty by association," "partners-n-crimes," and "organized hate crime." Id. at 2. Plaintiff claims he has paid one of the Defendant-nurses for sexual acts and describes the acts. Id. at 3-4. After Plaintiff broke up with her, he claims she was mad at him, and she told a correctional officer to kill Plaintiff. Id. at 4-5. Plaintiff claims sometime in February, the nurse came into his cell with the correctional officer and she "provoke[d]" Plaintiff "to anger" and "harass[ed]" him. Id. at 5. He believes she is part of an "evil plot" to "isolate, oppress, [and]

illegally hold" him in his cell. Id. at 7. It is not clear how the other Defendants are involved.

To meet the imminent danger exception, Plaintiff must include "specific, credible allegations of imminent danger of serious physical harm." Chestnut v. Leavins, 3:21-cv-827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up). Plaintiff's conclusory, generalized, and fantastical allegations are insufficient. See Sutton v. Dist. Atty's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger); see also Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (determining that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy the imminent danger exception).

Plaintiff cannot rely on allegations of past assaults or actions to establish imminent harm. Porter v. Inch, 4:20-cv-230, 2020 WL 4018612, at *4 (N.D. Fla. June 19, 2020) (finding no imminent danger when the alleged assault occurred nearly one month prior to the filing of the complaint). The same is true for Plaintiff's vague allegations of threats of future assaults. See Dice v. Inch, 3:20-cv-5777, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("[The plaintiff's] allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute

imminent danger of physical harm"), *adopted by*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020).

Plaintiff's complaint, ECF No. 1, fails to sufficiently allege imminent danger of serious physical injury. Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was filed, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Because Plaintiff has not filed a legally sufficient complaint or paid the filing fee, his motion for temporary restraining order, ECF No. 2, should be denied without review. See Fed. R. Civ. P. 3, 65(b).

Separately, dismissal is warranted because Plaintiff affirmatively misrepresented his litigation history. Section VIIIC of the court form requires Plaintiff to describe each prior lawsuit and appeal he has filed in state or federal court relating to the conditions of his confinement. ECF No. 1 at 9-10. The form instructs Plaintiff to attach additional pages if necessary "to list all cases." Id. at 11. Plaintiff placed lines through all of the available spaces to list cases, indicating he had never filed another such lawsuit. Section VIIIA of the form also requires Plaintiff to disclose which cases, if any, have been dismissed as frivolous, malicious, or for failure to state a claim. Id. at 8. Here,

Plaintiff indicated he only had one such case: his most recent case in this District. Id.; See Woods v. Montoya, *supra* at 2. Plaintiff signed the Rule 11 Certification and swore under the penalty of perjury that the information in the court form—including his litigation history—was true and correct. Id. at 11. His statements concerning his prior litigation are false.

The Court conducted an independent review of Plaintiff's litigation history, as it does in every prisoner case. As discussed earlier, Plaintiff has filed more than seventy cases in federal court alone—a far cry from the single case he lists in the instant complaint. The Court has not inquired into each of the seventy cases, but at least five relate to the conditions of Plaintiff's confinement and were dismissed as frivolous or malicious. See *supra* at 2. Plaintiff failed to disclose any of those cases. The sole case Plaintiff lists in his complaint was not dismissed as frivolous or malicious, as Plaintiff alleges, but because he was a three-striker who failed to pay the filing fee. The basis for the prior malicious dismissals were failure to accurately disclose his litigation history. Thus, Plaintiff is aware of the requirements placed on him and the consequences but continues to engage in misrepresentation and lies.

Prisoner plaintiffs have an obligation to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any

affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case, without prejudice, as malicious under §§ 1915A(b)(1) and 1915(e)(2)(B)(i). E.g., Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (affirming dismissal as malicious where plaintiff failed to disclose existence of one prior case and disclosed another but failed to disclose that it was dismissed for failure to state a claim); Kendrick v. Sec'y, Fla. Dep't of Corr., 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal"); Ealy v. CCA, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals where plaintiffs failed to disclose their prior litigation history).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order, ECF No. 2, be DENIED. It is further **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g) and as malicious pursuant to 28 U.S.C §§ 1915A & 1915(e)(2)(B)(i).

4:25-cv-237-TKW-MAF

**IN CHAMBERS** at Tallahassee, Florida on May 30, 2025.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).